**AFFIRM; and Opinion Filed January 12, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-00155-CR
No. 05-14-00156-CR
No. 05-14-00157-CR
No. 05-14-00158-CR

**RANDY ALEXANDER REYES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F11-35901-U, F13-34158-U, F13-34208-U, F13-34209-U**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Lang-Miers

Randy Alexander Reyes appeals his convictions for burglary of a habitation, aggravated robbery with a deadly weapon (two offenses), and possession of alprazolam in an amount less than twenty-eight grams within a drug-free zone. *See* TEX. PENAL CODE ANN. §§ 29.03(a)(2), 30.02(a)(1) (West 2011 & Supp. 2014); TEX. HEALTH & SAFETY CODE ANN. §§ 481.117(a), (b), 481.134(e) (West 2010 & Supp. 2014). The trial court assessed punishment at twenty years' imprisonment for burglary; twenty-five years' imprisonment for each aggravated robbery; and two years' confinement in State jail for possession of alprazolam. On appeal, appellant's

attorney filed a brief in which he concludes the appeals are wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. We advised appellant of his right to file a pro se response, but he did not file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

We have reviewed the record and counsel's brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree the appeals are frivolous and without merit. We find nothing in the record that might arguably support the appeals.

We affirm the trial court's judgments.

Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

140155F.U05

-2-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RANDY ALEXANDER REYES,
Appellant

No. 05-14-00155-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F11-35901-U).
Opinion delivered by Justice Lang-Miers,
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **AFFIRMED**.

Judgment entered January 12, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RANDY ALEXANDER REYES,
Appellant

No. 05-14-00156-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F13-34158-U).
Opinion delivered by Justice Lang-Miers,
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered January 12, 2015.

-4-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RANDY ALEXANDER REYES,
Appellant

No. 05-14-00157-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F13-34208-U).
Opinion delivered by Justice Lang-Miers,
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered January 12, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RANDY ALEXANDER REYES,
Appellant

No. 05-14-00158-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F13-34209-U).
Opinion delivered by Justice Lang-Miers,
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered January 12, 2015.